UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                      CASE NO: 6:16-cr-232-Orl-22TBS

JAMES DELLAFIELD, JR.

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant James Dellafield, Jr.'s Motion to Exceed Cap for Investigative Costs (Doc. 58).

On December 8, 2016, Defendant, whom the Court had previously found to be indigent, pled guilty to conspiring to distribute and possess with intent to distribute 100 grams or more of a controlled substance, and possession of a firearm by a convicted felon (Doc. 39). His plea was accepted and on March 28, 2017, he was sentenced to 84 months in prison (Doc. 52).

Now, Defendant's lawyer seeks Court approval to exceed the statutory $800 cap on investigative costs in this case (Doc. 58). The amount requested is an additional $313 (Id., ¶ 6). Defendant's entire memorandum of law in support of the motion states: "Pursuant to Rule 3.01 of the Local Rules for the Middle District of Florida, the Court has the discretion to grant a motion. Under the circumstances here, the Court should exercise its discretion and grant the motion." (Id., at 1). This does not qualify as a memorandum of law and it does not comport with the Court's understanding of Local Rule 3.01.

"[A] person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte

application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1).

The total cost of services counsel may obtain without prior court approval is "$800 and expenses reasonably incurred." 18 U.S.C. § 3006A(e)(2)(A). But the Court may, "in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $800." 18 U.S.C. § 3006A(e)(2)(B). Defendant has failed to satisfy the requirements of 18 U.S.C. § 3006A(e)(2)(B).

Lastly, the invoice attached to the motion is for $798 in investigative services (Doc. 58 at 3). Thus, the exhibit contradicts and nullifies Defendant's assertion that his total costs exceeded $800.

For these reasons, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    James Dellafield, Jr.